```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JERRY RAMRATTAN,

                Plaintiff,

    -v-

DORA B. SCHRIRO (COMMISSIONER NYC DOC);
MR. ROBERT N. CRIPPS (WARDEN A.M.K.C.);
EMMANUEL BAILEY (WARDEN R.N.D.C.);
WARDEN (G.M.D.C./C-37); and "JOHN DOE"
WARDEN (V.C.B.C.),

                Defendants.
------------------------------------------------------------------------X

11 Civ. 3749 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Jerry Ramrattan, a prisoner proceeding *pro se*, brings this action pursuant to Title 42, United States Code, Section 1983, claiming that Defendants violated the Due Process Clause of the Fourteenth Amendment by failing to place him in court-ordered protective custody. Defendants move to dismiss Plaintiff's Complaint pursuant to Rules 12(c) and 41(b) of the Federal Rules of Civil Procedure. Plaintiff has not filed an opposition to Defendants' motion.[1] Because Plaintiff failed to exhaust his administrative remedies prior to filing his complaint, Defendants' motion is GRANTED.

## DISCUSSION

### A. Standard of Review

The standard of review for a motion for judgment on the pleadings under Rule 12(c) of

---

[1] Plaintiff filed his complaint on May 19, 2011. (Docket No. 2). On October 23, 2012, the Court held a telephone conference during which the parties and the Court discussed deficiencies in Plaintiff's complaint. Pursuant to that conference, the Court permitted Plaintiff to file an amended complaint by December 21, 2012, to address these deficiencies. (Docket No. 36). Plaintiff did not file an amended complaint. On February 25, 2013, Defendants moved to dismiss Plaintiff's complaint. (Docket No. 48). Plaintiff's opposition to Defendants' motion was due April 19, 2013. (Docket No. 52). As of the date of this Order, Plaintiff has neither filed an opposition nor explained his failure to do so.

the Federal Rules of Civil Procedure is the same as that which governs a motion to dismiss a complaint under Rule 12(b)(6). *See, e.g.*, *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). A plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, a court must assume all of Plaintiff's "factual allegations to be true and draw[ ] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Furthermore, a court is "obligated to construe a *pro se* complaint liberally." *Id.* at, 72. Thus, when considering *pro se* submissions, a court must interpret them "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation mark omitted).

### B. Exhaustion

The Prison Litigation Reform Act ("PLRA") requires prisoners challenging their prison conditions to exhaust all available administrative remedies before filing a complaint in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). "The New York City Department of Correction (hereinafter DOC) has a well-established five-step administrative inmate grievance program (IGP) to resolve inmate grievances." *Williams v. City of New York*, 03 Civ. 5342 (RWS), 2005 WL 2862007, at *9 (S.D.N.Y. Nov. 1, 2005) (internal quotation marks omitted). Under this program, before filing a complaint in federal court, an inmate must:

(1) file a complaint with the Inmate Grievance Review Committee . . . for

> informal resolution within five working days; (2) request a formal hearing before the [Inmate Grievance Review Committee], with a recommendation to be made within three working days; (3) appeal to the facility warden, who must render a decision within five working days; (4) appeal to the NYCDOC Central Officer Review Committee ("CORC"), who must issue a recommendation within twenty working days; and (5) appeal to the Board of Correction, who must issue a recommendation to the Commissioner within twenty working days. The Commissioner must issue a final decision within ten working days of receipt of that recommendation.

*Id.* at *10. Even if an inmate receives no response to his initial grievance, he nevertheless must proceed through all five steps before filing a lawsuit. *See, e.g.*, *Torres v. Carry*, 691 F. Supp. 2d 366, 370 (S.D.N.Y. 2009) ("An inmate's failure to appeal a grievance is not excused because he has received no response to his initial grievance." (internal quotations omitted)).

Plaintiff has not exhausted his remedies in this case. Although Plaintiff filed a written grievance, he failed to appeal the lack of response to that grievance. Plaintiff alleges that when he did not receive a response to his grievance, he wrote letters to, or spoke with, the wardens of the prisons in which he was confined and the DOC Commissioner. (Compl. 5). Such letters and informal conversations do not, however, satisfy the exhaustion requirement. *See, e.g.*, *Swanston v. Dep't of Corr.*, 11 Civ. 1219 (CM), 2011 WL 5105489, at *3 (S.D.N.Y. Oct. 27, 2011) (holding that a prisoner did not satisfy the exhaustion requirement, despite alleged conversations with prison officials about his grievance); *Arce v. Keane*, 01 Civ. 2648 (BSJ), 2004 WL 439428, at *4 (S.D.N.Y. Mar. 9, 2004) ("It is well established that writing letters to prison officials is insufficient to exhaust administrative remedies."). Furthermore, even if Plaintiff's letters could be construed as an appeal to the facility warden, he indisputably did not appeal to the CORC. Because Plaintiff failed to exercise all appeals required by the IGP, his claim is unexhausted and must be dismissed. As Plaintiff's failure to exhaust administrative remedies is dispositive of Defendants' motion to dismiss, the Court need not address Defendants' other contentions.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. The Clerk of the Court is directed to close the case and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Dated: June 17, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge